IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2015

## STATE OF TENNESSEE v. KATARINA R. LONG

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2014-CR246     Larry J. Wallace, Judge**

**No. M2015-01057-CCA-R3-CD – Filed February 2, 2016**

The appellant, Katarina R. Long, pled guilty in the Dickson County Circuit Court to theft of property valued $10,000 or more but less than $60,000 and was granted judicial diversion with the requirement that she complete three years of probation and pay $20,000 restitution.  On appeal, the appellant contends that the trial court abused its discretion by ordering the amount of restitution when it was clear that she did not have the ability to pay it.  Because we lack jurisdiction to consider her appeal, we must dismiss it.

**Tenn. R. App. 3 Appeal as of Right; Appeal is Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

William B. (Jake) Lockert, III, Ashland City, Tennessee, for the appellant, Katarina R. Long.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In June 2014, the Dickson County Grand Jury indicted the appellant for one count of theft of property valued $10,000 or more but less than $60,000, a Class C felony, and one count of vandalism of property valued $1,000 or more but less than $10,000, a Class

D felony. According to the affidavit of complaint, the appellant "trashed" a residence she had been hired to house-sit and took cash and property from the home. On November 6, 2014, the appellant and the State agreed that she would plead guilty to the theft charge and request judicial diversion, including three years of unsupervised probation and restitution in an amount to be determined by the court after a hearing. The court accepted the agreement and the guilty plea, dismissed the vandalism charge, and scheduled a restitution hearing. While the hearing was pending, a probation violation warrant was filed, alleging that the appellant violated her probation by being arrested for prostitution, drug possession, and possession of drug paraphernalia.

At the April 2015 restitution hearing, Adam Andrews testified for the State that he and his wife lived in Dickson County but spent part of each year in Thailand. From March to May 2014, they left their house in the care of the appellant. Before they returned, one of their children went to the home and discovered that furniture had been damaged and that items were missing. Specifically, the appellant damaged a dining room table and ottoman and took guitars, Xbox games, computers, handmade flatware from Thailand, jewelry, and a DVD collection. She also took seventy-five pounds of silver dishes that had been handmade by Mr. Andrews's grandfather. Mr. Andrews later learned that the silver pieces had been "melted down over a course of three days." He explained that he and his wife had paid off their mortgage in January 2014 while they were in Thailand and that they were without homeowners insurance coverage for about two months before they returned. The theft and vandalism, which he estimated to amount to more than $46,000 in damages, occurred during that time.

The twenty-three-year-old appellant testified that she was currently incarcerated but that she intended to receive in-patient treatment immediately upon her release. She said that she used to work as a server in the food industry but that she was "in the process of getting on disability" based upon mental and physical health issues. She suffered from an autoimmune disorder, fibromyalgia, "several other stomach disorders," a tumor in her esophagus, PTSD, panic disorder, and pseudoseizures. She acknowledged that she would not have any substantial income anytime soon but said that she earned $1,600 to $2,000 per month when she worked as a waitress. The appellant stated that she had a seven-year-old son, that she would lose her health insurance coverage within a few months, and that her medications could cost $2,000 per month without insurance. She said that she would be able to work only part time when she began receiving disability and that her monthly expenses "before all this happened . . . were . . . 12 to 15 hundred dollars a month easily."

On cross-examination, the appellant testified that she suffered physical, sexual, and mental abuse as a child and acknowledged that she recently "picked up some new charges" in Rutherford County. Upon being questioned by the trial court, she testified

that she used the money from the theft in this case to buy heroin. She said that her son was in the custody of his father and that she would have to pay child support while she was receiving treatment for her drug addiction.

At the conclusion of the hearing, the trial court noted that it was required to consider the appellant's financial resources and her future ability to pay in setting the amount of restitution. The court ordered that she pay $20,000 and entered an amended Order of Deferral (Judicial Diversion) on May 22, 2015. The court did not specify a payment schedule. Five days later, the trial court found the appellant to be in violation of her probation. The court did not revoke diversion and reinstated probation "[t]o complete Rehab [at] 'End Slavery House.'"

## II. Analysis

On appeal, the appellant contests the amount of restitution. The State argues that we must dismiss the appeal for lack of jurisdiction. We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) provides as follows:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

As noted by the State, our supreme court has interpreted Rule 3 to limit appeals as of right to those that are expressly enumerated in the Rule. Moreover, in State v. Bethany Lorraine Kuykendall, a case on point with the instant case, this court held that "[a] defendant does not have an appeal as of right when she pleads guilty and receives judicial diversion because no judgment has been entered, nor has the diversion resulted from entry of any of the appealable orders specified by [Rule 3]." No. E2011-01350, CCA-R3-CD, 2012 WL 3986318, at *2 (Tenn. Crim. App. at Knoxville, Sept. 12, 2012) (citing State v. Norris, 47 S.W.3d 457, 461 (Tenn. Crim. App. 2000)). As this court further explained,

> [T]he Defendant had the opportunity to negotiate with the State and submit a plea agreement for the court's consideration that included an agreed amount of restitution. She chose to accept the plea agreement and judicial diversion without knowing the amount of restitution that would be imposed following a hearing. The Defendant voluntarily waived her right to a Rule 3 appeal by agreeing to judicial diversion with the trial court determining the amount of restitution she would pay. . . .
>
> In so holding, we have considered the Defendant's argument that due process requires that we consider her appeal. She has not cited any authority to support her argument. In the absence of any authority, we hold that we are limited by the parameters of Tennessee Rule of Appellate Procedure 3(b) and our supreme court's determination that the scope of the rule is to be narrowly construed. See Lane, 254 S.W.3d at 353.

Id. at *4. Accordingly, we conclude that this appeal must be dismissed because we lack jurisdiction in the case.[1]

---

[1] In Kuykendall, this court noted that an appeal improperly filed under Rule 3 may be considered as an application for review under Rule 10, Tennessee Rules of Appellate Procedure. No. E2011-01350-CCA-R3-CD, 2012 WL 3986318, at *3. However, as in Kuykendall, the appellant in this case made no such application. Indeed, the appellant filed no response when the State raised the issue of lack of jurisdiction in its brief, and oral argument was not requested.

- 4 -

### III.  Conclusion

Based upon the record and the parties' briefs, the appeal is dismissed.


_____
NORMA MCGEE OGLE, JUDGE